91 N.J. Super. 346 (1966)
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES H. MARSHALL, III, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 16, 1966.
Decided June 9, 1966.
*348 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Martin J. Queenan, Burlington County Prosecutor, for movant, State of New Jersey.
No appearance for defendant in opposition.
PER CURIAM.
This is a motion to dismiss as frivolous defendant's appeal from the denial of post-conviction relief by the Burlington County Court. Leave to appeal in forma pauperis without regard to the merits of the appeal was granted by this court, as is constitutionally required of the states under Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963). However, assignment of counsel was denied for failure to show a non-frivolous ground of appeal.
It is to be noted that although counsel must be assigned an indigent on direct appeal from a conviction in a state court, Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), it has not to date so been held with respect to appeals from denial of post-conviction relief. There appears, moreover, to be no authority or practice for the mandatory assignment of counsel for indigents in appeals from denial of post-conviction relief by federal *349 courts where a non-frivolous ground of appeal is not shown. See Boskey, "Right to Counsel in Appellate Proceedings," 45 Minn. L. Rev. 783, 799-801 (1961). As to direct appeals from convictions in federal courts, cf. Hardy v. United States, 375 U.S. 277 (1964), and cases cited therein. In his article, Mr. Boskey, a respected student of this subject,[1] states:
"So far this Article has dealt primarily with the direct appellate review of criminal convictions. Collateral attack proceedings which involve the post-conviction remedies  whether under title 28, section 2255 of the United States Code, by habeas corpus, or by writ of error coram nobis  are affected by additional considerations.
In a system of justice which is meticulous in affording effective assistance of counsel to indigents not only at the trial stage but also continuously up through the entire appellate process on direct review, perhaps at least some reasonable degree of selectivity should be exercised by the courts in deciding whether counsel ought to be appointed in collateral attack proceedings." 45 Minn. L. Rev., at p. 799.
Under New Jersey's recently adopted rule for post-conviction relief this State goes further in behalf of the indigent than Mr. Boskey suggests. It provides for the assignment of counsel to indigents at the trial court level as of course, on application, provided the petition for relief is the first one filed by the applicant under the rule attacking the particular conviction. R.R. 3:10A-6(a). On later petitions, R.R. 3:10A-6(b), and on appeals from denial of such relief, counsel is assigned only for cause shown. Cf. R.R. 1:12-9(b). This ordinarily requires the showing of a non-frivolous ground of appeal.
Although expressly advised of his right to file a brief in opposition to the present motion, defendant has declined to do so. We have re-examined the record meticulously for any semblance of merit in defendant's asserted grievances over his conviction, as advanced on his behalf by assiduous assigned counsel before the County Court, but find none.
*350 Defendant was indicted on seven indictments in 1960 for breaking and entering, and larceny. Three accusations were lodged against him in 1961, two for atrocious assault and battery and one for escape. After first pleading not guilty on the indictments, defendant was assigned counsel under whose advice and representation he changed his plea to one of guilt on November 30, 1961. At the same time he waived trial by jury on the accusations (one of which was withdrawn) and pleaded guilty, also on advice of assigned counsel. On December 14, 1961 he received sentences aggregating seven to ten years on the several charges.
At the post-conviction hearing defendant admitted his guilt of all of the charges and testified he had pleaded guilty both because he was guilty and because of the evidence against him in the hands of the police. He further testified to facts which, if not controverted or explained, might indicate that his apartment had been searched unlawfully and that in the course of the search stolen property had been found by the police. Moreover, he was questioned for four hours by the police without being advised of his right to counsel, and in the course thereof gave incriminating statements on the subject matter of the indictments. Later, while incarcerated without bail or counsel, he gave statements indicating his guilt of the accusations. The county prosecutor chose not to offer counter-testimony, relying on the legal insufficiency of the facts as related by defendant.
It was the legal position of defendant below that, although the decided New Jersey cases do not support him, the "trend" of the decisions of the United States Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), requires the conclusion that the entry of his pleas of guilt was induced by the State by unconstitutional means. The contention is that the defendant's knowledge *351 that the police had incriminating evidence which he assumed was lawfully usable against him, coupled with his lack of legal advice at the time he made incriminating admissions to the police, played a causal contributive role in his pleas of guilt. The convictions should accordingly be set aside as dependent upon unconstitutionally obtained evidence and admissions, so the argument goes.
There is no merit in the contentions advanced and they were properly rejected by the County Court.
As to the search and seizure, even if it was invalid, such invalidity cannot be raised collaterally by post-conviction proceedings. State v. Smith, 43 N.J. 67, 78-79 (1964), certiorari denied 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706 (1965); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Further, when the pleas of guilty were made, under advice of counsel, the decision in Mapp v. Ohio, supra, compelling exclusion of illegally seized evidence, was several months old, and available for reliance at a trial of the charges. Instead, defendant chose to plead guilty.
The reliance upon Escobedo, supra, and the other "right to counsel" cases mentioned above, is equally misplaced. Escobedo is not available to a prisoner who has not affirmatively requested counsel while under interrogation. State v. Smith, supra (43 N.J., at p. 83); State v. Blanchard, 44 N.J. 195, 207 (1965). Equally conclusive against defendant is the principle that the rule of Escobedo is not available by collateral attack upon the conviction. State v. Johnson, 43 N.J. 572, 579-589 (1965).
An argument orally presented to the trial court concerning alleged invalidity of charging breaking and entering and larceny in one indictment was not the proper subject of post-conviction petition. In any case, it has no merit.
Finally, defendant has in no way impugned the adequacy of his representation by the assigned counsel under whose advice he decided to plead his fully conceded guilt of all the charges against him. There is no injustice whatever in *352 permitting those pleas to stand. When a plea of guilt follows and is attended by legal advice and representation, any previous illegality in the procurement of evidence by the police is irrelevant. State v. Humphreys, 89 N.J. Super. 322 (App. Div. 1965); State v. Herman, 47 N.J. 73 (May 2, 1966).
This pro se appeal being patently frivolous on the basis of the unmistakable import of decisions of the Supreme Court of this State binding upon us, the appeal is dismissed.
NOTES
[1] See Hardy v. United States, supra (375 U.S., at p. 280, fn. 3, 84 S.Ct. 424).