156 N.J. Super. 30 (1978)
383 A.2d 437
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HALIL TERNAKU, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1978.
Decided January 30, 1978.
*31 Before Judges MICHELS, PRESSLER and BILDER.
Mr. Robert J. Miller argued the cause for appellant (Mr. Andreas A. Boyadjis, attorney; Mr. Bradford R. Day on the brief).
Mr. Larry R. Ertzweiler, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by MICHELS, J.A.D.
Following plea negotiations defendant pleaded guilty to robbery and was sentenced to State Prison for five to seven years, to be served consecutively to a New York State sentence then being served. Defendant appeals, contending solely that his conviction should be reversed because the trial judge erred in denying his pretrial motion to dismiss the indictment for violating the Interstate Agreement on Detainers to which New Jersey is a party. See N.J.S.A. 2A:159A-1 et seq.
Defendant was indicted in Warren County for possession of a dangerous knife, armed assault with intent to rob, armed robbery and entering without breaking with intent to steal on July 11, 1974. The State was unable to locate defendant until June 1975 when it was discovered that he was an inmate in the Clinton Correctional Facility at Dannemora, *32 New York. A warrant was filed as a detainer with the New York authorities. Thereafter, on or about January 13, 1976, the Superintendent of the Clinton Correctional Facility executed and delivered to defendant a formal notice pursuant to the Interstate Agreement on Detainers, of which New York is also a signatory. New York CPL § 580.20 (McKinney's 1971). The notice stated that because there was an untried indictment pending against him, he had the right to request that the appropriate prosecuting officer and court make a final disposition of the indictment.
On or about January 22, 1976 defendant executed and delivered to the Superintendent of the Clinton Correctional Facility a written notice and request for final disposition of the indictment pending against him. The Superintendent promptly forwarded by mail to the Warren County Prosecutor and the Warren County Clerk the notice and request, together with the required statutory certification. The postmark indicated that the mailing date of these documents was January 23, 1976. While there is some question about the date the prosecutor received the notice and request, it is beyond dispute that the county clerk did not receive them until January 28, 1976. On February 26, 1976 the Warren County Prosecutor formally offered to accept temporary custody of defendant. Defendant was returned to New Jersey on or about March 19, 1976. He was originally represented by an attorney designated by the local office of the Public Defender. However, he subsequently retained another attorney related by marriage to one of the two trial judges sitting in Warren County. When the trial judge learned of his son-in-law's representation of defendant, he disqualified himself. Since he was the only trial judge sitting by virtue of the vacation schedule, the matter was sent to a judge sitting in Morris County.
Prior to trial defendant moved to dismiss the indictment on the ground that he was not tried within the 180-day period prescribed by the Interstate Agreement on Detainers. See N.J.S.A. 2A:159A-3(a). The trial judge denied the *33 motion, which was argued on July 26, 1976. The judge determined that the 180-day period was met since the motion was heard on the last day of the period. He thereupon ordered the trial to proceed that day. The judge also concluded that the period was tolled during the time the only Warren County judge sitting was disqualified by his relationship with defendant's attorney. A jury was impanelled the same day. Thereafter, following plea negotiations, defendant pleaded guilty to simple robbery. The other criminal charges were dismissed in accordance with the plea agreement.
Defendant contends on this appeal that the trial judge erred in calculating the 180-day period from January 28, 1976, the date his notice and request was received by the Warren County Clerk, rather than from January 22, 1976, the date that he executed and delivered the notice and request to the Superintendent of the Clinton Correctional Facility. We disagree and affirm.
Article III of the Interstate Agreement on Detainers (N.J.S.A. 2A:159A-3) provides in pertinent part:

ARTICLE III
(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the State parole agency relating to the prisoner.
*34 (b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.
(c) The warden, commissioner of corrections or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information or complaint on which the detainer is based.
The language of the statute is explicit. It provides for the commencement of the 180-day period when defendant has "caused to be delivered to the prosecuting officer and the appropriate court", the written notice and request for final disposition of the pending indictment. The Legislature clearly intended that the documents be delivered to the prosecutor and the appropriate court before the 180-day period starts to run. The period does not start to run upon mere execution and delivery of the notice and request to the warden, commissioner of corrections or other official having custody of defendant. In our view it would be contrary to the public interest to start the running of the 180-day period prior to actual receipt of the notice and request by the prosecutor and the court. If we were to interpret the statute as defendant requests, an indictment would be subject to dismissal each time delivery of the documents to the prosecutor and court is delayed, regardless of cause. We cannot conceive our Legislature as intending such a result by enacting the Interstate Agreement on Detainers. As a matter of fact, had the Legislature intended the 180-day period to begin from the time a defendant delivers the notice and request to the warden, commissioner of corrections or other official having custody over him, it could have so signified by appropriate language. While no reported decisions were found directly on point, our result is inferentially supported by State v. Mason, 90 N.J. Super. 464 (App. Div. 1966), and State v. Lippolis, 101 N.J. Super. *35 435 (Law Div. 1968), aff'd 107 N.J. Super. 137 (App. Div. 1969), rev'd on other grounds 55 N.J. 354 (1970). For example, in State v. Mason, we noted in a footnote that "the warden's delay in forwarding the tender does not stop the running of the 180-day period from [the date] when the prosecutor received defendant's request." 90 N.J. Super. at 473 n, (emphasis added). See also Commonwealth v. Fisher, 451 Pa. 102, 301 A.2d 605, 608 (Sup. Ct. 1973). But cf. Beebe v. State, 346 A.2d 169, 171 (Del. 1975).
Beyond this, assuming that there is merit in defendant's contention, we are entirely satisfied that he waived his right to challenge his conviction on procedural grounds by virtue of his guilty plea. Defendant knowingly and intentionally pleaded guilty in open court with the assistance of counsel, thereby waiving all procedural defects in his prosecution. Cf. State v. Taylor, 140 N.J. Super. 242, 244-245 (App. Div. 1976); State v. Raymond, 113 N.J. Super. 222, 226-227 (App. Div. 1971); State v. Marshall, 91 N.J. Super. 346, 352 (App. Div. 1966); State v. Humphreys, 89 N.J. Super. 322, 326 (App. Div. 1965). See also 21 Am. Jur.2d, Criminal Law, § 495 at 483-485.
Accordingly, we hold that the trial judge properly denied defendant's motion to dismiss the indictment on the alleged violation of the Interstate Agreement on Detainers. The judgment of conviction is affirmed.