588 P.2d 377 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Lawrence L. BIELECKI, Defendant-Appellant.
No. 77-604.
Colorado Court of Appeals, Div. III.
August 10, 1978.
Rehearing Denied September 7, 1978.
Certiorari Denied December 26, 1978.
*378 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Karen Hoffman Seymour, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Richard D. Irvin, Deputy State Public Defender, Boulder, for defendant-appellant.
PIERCE, Judge.
Defendant, Lawrence L. Bielecki, appeals his conviction of second degree burglary (§ 18-4-203, C.R.S.1973) and felony theft (§ 18-4-401(2), C.R.S.1973, 1976 Cum.Supp.). We affirm.
Ample evidence was presented to establish that defendant had, without permission, taken some jewelry from a dresser drawer in the victim's apartment and sold at least one of the items to a pawnbroker.
Defendant's principal contention is that the information should have been dismissed because his trial did not take place within the 180 day period prescribed by Article III of the Interstate Agreement on Detainers (§ 24-60-501(III), C.R.S.1973). We disagree.
The parties stipulated to the relevant dates. Defendant was incarcerated in California when a detainer from the instant case was placed on him.[1] Pursuant to the Interstate Agreement, he executed a request for disposition, which request was received by the Denver District Attorney's office on July 30, 1976. The district attorney filed the request with the district court on August 3. Trial was commenced on January 31, 1977, and completed February 2, 1977.
Article III of the Interstate Agreement (§ 24-60-501(III), C.R.S.1973), provides in pertinent part:
"Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint ...." (emphasis added).
Here, though the district attorney received the request on July 30, the district court did not receive it until August 3. Accordingly, the 180 day period began to run on August 3, 1976, and thus ended on January 30, 1977, which was a Sunday. Since trial commenced the next day, it was within the 180 day period. Section 2-4-108(2), C.R.S.1973.
Defendant also argues that he was entitled to an instruction on the lesser included offense of misdemeanor theft (§ 18-4-401(3), C.R.S.1973, 1976 Cum.Supp.). We disagree.
*379 The victim of the theft testified that the stolen items were worth $1,500. The pawnbroker estimated the value of one item alone to be $350. Since this testimony was unrebutted, the only conclusions to be drawn from the evidence were that defendant was guilty of felony theft or not guilty. Accordingly, the trial court did not err in refusing defendant's tendered instruction on misdemeanor theft. Section 18-1-408(6), C.R.S.1973; People v. Lundy, 188 Colo. 194, 533 P.2d 920 (1975).
We have reviewed the balance of defendant's contentions, and find them to be without merit.
Judgment affirmed.
SMITH and KELLY, JJ., concur.
NOTES
[1] California is a member of the Interstate Agreement by virtue of Cal.Penal Code § 1389, et seq. (West 1970).