384 So.2d 738 (1980)
Peter Jeffery PINNOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 79-377/T4-413.
District Court of Appeal of Florida, Fifth District.
June 11, 1980.
*739 Gene R. Stephenson, Casselberry, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard H. Combs, Asst. State's Atty., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a judgment of conviction for armed robbery entered by the Circuit Court for Orange County. Appellant moved to dismiss the information pursuant to the interstate agreement on detainers (re: speedy trial) defined in section 941.45, Florida Statutes (1979). The trial court denied the motions and appellant entered a plea of nolo contendere reserving the right to seek appellate review.
On May 9, 1978, an information was filed in Orange County charging the appellant with armed robbery. At that time, appellant was imprisoned in the Federal Correctional Institution in Memphis, Tennessee. On June 20, 1978, appellant executed a document requesting disposition of the charges against him. This was received by the State Attorney and the Circuit Court on July 5, 1978. On August 5, 1978, the State Attorney executed a Prosecutor's Acceptance of Temporary Custody Offered in Connection with a Prisoner's Request for Disposition of a Detainer. On August 25, 1978, physical custody was surrendered to Florida authorities. On January 9, 1979, appellant moved the trial court to dismiss the charges against him pursuant to the Interstate Agreement on Detainers.[1]
"Detainers" are often used when a person accused of a crime in one state is already in custody in another. The Interstate Agreement on Detainers, to which Florida became a party by its enactment of section 941.45 Florida Statutes (1979), had as its purpose the development of a uniform procedure among the several states and the protection of prisoners from those practices discussed in United States v. Ford, 550 F.2d 732 (2d Cir.1977). See also Gaddy v. Turner, 376 So.2d 1225 (Fla. 2d DCA 1979).
The record clearly shows appellant was not brought to trial within 180 days after the required notice was received by the State Attorney and the appropriate court as required by the statute.
Appellee contends that section 941.45 conflicts with Rule 3.191, Florida Rules of Criminal Procedure, and therefore is unconstitutional. It should be noted, however, that the court's order denying appellant's motion did not hold the statute unconstitutional. It is the state's position that appellant's rights are governed strictly by subsection (a)(1) of that rule which states:
The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged.
Appellant contends there is no material conflict between the rule and the statute.
*740 Section 941.45(3)(a) is analogous to the provisions of Rule 3.191(b)(3) insofar as they both cover instances where a prisoner outside the jurisdiction of Florida courts can request a speedy trial on charges arising in Florida. A comparison of the rule and the statute reflects that both apply to prisoners outside of the state charged with a crime in Florida; both provide for a speedy trial upon demand; both provide (under the facts here) substantially similar time periods (six months under the rule and 180 days under the statute); both provide for discharge or dismissal if there is no state compliance within the prescribed period. Under the rule, the prisoner is entitled to a speedy trial upon demand filed with the court and upon service on the prosecuting attorney. Such person is then entitled to trial within the periods of time established by section (b)(2), commencing "after the prosecuting attorney has filed a detainer or has otherwise attempted to secure the presence of the accused for trial or within a reasonable time as determined by the court if the prosecutor has not acted in response to the demand for trial... ." (Emphasis added.) Under the statute, the time commences "after he shall have caused to be delivered to the prosecuting officer and the appropriate court ... written notice. ..." (Emphasis added.)
The First District Court of Appeal, in O'Bryan v. State, 326 So.2d 83, 88 (Fla. 1st DCA 1976), resolved any apparent uncertainty as to when the time period commences under the rule by stating, "when a foreign prisoner responds to a detainer by demanding a speedy trial or when a Florida prosecutor responds to a trial demand by filing a detainer, Dickey [v. Circuit Court, Gadsen County, Quincy, Fla., 200 So.2d 521 (Fla. 1967)] and the Rule assures that the Florida trial will be had within six months, subject to the Rule's extension and waiver provisions." See also Dickey v. State, 215 So.2d 772 (Fla. 1st DCA 1968), rev'd. 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26.
Whether under the rule or the statute, it is clear that at the very latest the period began on July 5, 1978. Appellant's motions to dismiss were brought on January 9 and January 25, 1979, both of which are more than 180 days or six months after delivery and receipt of the demand to the court and to the State Attorney. The difference in time, 180 days under the statute and six months under the rule, is not a significant difference for purposes of this appeal and cannot therefore be said to present a justiciable issue.
We therefore hold that appellant's motion to dismiss should have been granted.
We REVERSE and REMAND for discharge of appellant.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] § 941.45, Fla. Stat. (1979). Agreement on Detainers.  The interstate compact known as the "Agreement on Detainers" is enacted into law and entered into by the state as a party, and is of full force and effect between the state and any other states joining therein in the form substantially as follows:

(1) Policy and purpose.  The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations, or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures.