Argued and submitted March 17, reversed June 16, 1980

# STATE OF OREGON,
## *Respondent,*
### *v.*
# JAMES E. ARWOOD,
## *Appellant.*

## (No. 79-201 C, CA 15598)

612 P2d 763

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph, Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his conviction for first degree robbery. He contends he was denied the right to a speedy trial as provided in the interstate agreement on detainers, codified in ORS 135.775. We agree and reverse.

In January, 1979, defendant resided at Deuel Vocational Institute, a California correctional facility. The district attorney for Klamath County lodged a detainer against him on January 9, 1979. On January 11, defendant signed a notice of place of imprisonment and request for disposition of indictments, informations or complaints, as provided by ORS 135.775. That statute required that he be tried within 180 days of the district attorney's receipt of the request.

The set of forms were addressed to the district attorney for Klamath County. It was enclosed within an envelope addressed to the clerk of the district court of that county, however. The district court clerk apparently forwarded the forms to the district attorney's office. No one in the district attorney's office remembered the date of receipt, but it must have been sometime between January 11, the date the envelope was postmarked, and February 1, when the forms were sent from the district attorney's office to the governor. The governor approved the return of defendant from California in late May. Defendant was brought to this state and was arraigned July 5, 1979. At that time the court set trial for August 2. Neither defendant nor the state called attention to the 180-day time limitation.

Defendant moved for a dismissal of the charge against him on the day of trial, it being the 183rd day after the transfer of the necessary forms to the governor's office from the district attorney. Time was computed from February 1, because it was certain that the district attorney had received the forms by then.

When a detainer is lodged against one incarcerated in another state, he may request final disposition of

the charge that is the basis of the detainer. Trial must commence within 180 days of receipt of his request by the appropriate authorities:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: Provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

"(b) The written notice and request for final disposition referred to in paragraph (a) of this Article shall be given or sent by the prisoner to the warden or other official having custody of him, who shall promptly forward it together with the certificate to the prosecuting official and court by registered or certified mail, return receipt requested.

"(c) The warden or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information or complaint on which the detainer is based."
ORS 135.775, Art. III (a)-(c)

The trial court reasoned that defendant had, in effect, acquiesced to trial after expiration of the statutory period when at the arraignment he failed to object to the trial date and waited until the time had passed to raise the matter. Noting that there had been no intent to delay trial, and that the statute authorized the granting of any necessary or reasonable continuance for good cause shown, the court denied defendant's motion.

In *State v. Chadwick,* 150 Or 645, 47 P2d 232 (1935), the Supreme Court discussed a provision of another speedy trial statute which stated that a defendant may consent to delay. Consent, the court said, is not silence, but must be an express consent that the case be continued. We hold that the same requirement applies here. Defendant had asserted his statutory demand for trial within 180 days by his notice of the place of his imprisonment and request for a final disposition. Something more than his mere silence at arraignment must serve to belie his earlier intention. *See Harrington v. District Court,* 192 Colo. 351, 559 P2d 225 (1977), but *cf. Wickliffe v. Judge of Criminal Court,* 263 Ind. 219, 328 NE2d 420 (1975), *Utterback v. State,* 261 Ind. 685, 310 NE2d 552 (1974). Furthermore, inattentiveness to the passage of time on the part of the trial court and prosecutor do not constitute good cause for the continuance granted by the trial court.

The state argues that defendant did not comply with the statute's notice requirements and therefore should not benefit from its protection. Defendant had sent only one set of notice and request forms, addressed on their face to the district attorney, but mailed to the district court clerk. The district attorney's office eventually received the notice sometime before February 1, apparently forwarded by the district court clerk. The state argues that it was thus purely fortuitous the district attorney received the forms. The forms were clearly directed to the attention

of the district attorney, however. It can hardly be fortuitous that one to whom a notice is addressed received that notice. We conclude, therefore, that defendant met the requirement that he cause notice to be delivered to the prosecuting officer.

The time limit within which trial must be held is mandatory. The only course open to the trial court was dismissal.

Reversed.