STATE of Missouri,
Plaintiff-Respondent,

v.

Kevin M. WALTON,
Defendant-Appellant.

No. 68991.

Supreme Court of Missouri,
En Banc.

July 14, 1987.
Rehearing Denied Sept. 15, 1987.

Sean O'Brien, Public Defender, Kent Gipson, Asst. Public Defender, Kansas City, for defendant-appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for plaintiff-respondent.

DONNELLY, Judge.

This Court ordered transfer of this cause, Rule 83.03, Mo. Const. art. V, § 10 (1945), to determine whether the circuit court had jurisdiction to accept appellant's guilty pleas.[1] We conclude jurisdiction was properly exercised, and affirm.

Appellant was imprisoned in Florida when the Jackson County Prosecutor's Office lodged a detainer against him April 11, 1984, reference crimes with which he was charged in Missouri. On November 11, 1984, pursuant to the Interstate Agreement on Detainers, (IAD), § 217.490, RSMo 1986, Walton submitted to Florida prison officials his request for disposition of the Missouri charges. Prison authorities delayed forwarding appellant's request to the Jackson County Prosecutor and Circuit Court pending disposition of causes underlying detainers lodged against Walton by prosecutors in Michigan and Wisconsin. Appellant's request was received by the prosecutor's office in Jackson County on August 26, 1985.[2] The case was to be tried December 16, 1985; on motion of defense counsel, it was continued until January 6, 1986, at which time Walton entered pleas of guilt to all charges.[3]

---

1. Appellant pleaded guilty to stealing over $150, § 570.030.3(1), RSMo Cum.Supp.1984, armed criminal action, § 571.015, RSMo 1978, and first degree robbery, § 569.020, RSMo 1978.

2. In ruling on appellant's motion to dismiss pursuant to the IAD, the trial court noted that Walton's request for final disposition did not appear in the circuit court's files. The prosecutor waived this requirement by requesting, being offered, and receiving temporary custody of Walton. *State ex rel. Saxton v. Moore*, 598 S.W.2d 586, 590–92 (Mo.App.1980).

3. Appellant's motion to dismiss based on alleged violations of the IAD was overruled January 3, 1986.

Under section 217.490, Walton was to be tried reference pending Missouri charges "within one hundred eighty days after [appellant] ... caused to be delivered to the prosecuting officer and the appropriate court [of Jackson County] ... his request for a final disposition" of those charges. *Id.* (IAD, Art. III(1)). If Art. III(1) was violated, all charges should have been dismissed with prejudice. *Id.* (IAD, Art. V(3)).

Walton was tried within 180 days of Jackson County's receipt of his request for disposition. Walton was *not* tried within 180 days of the date he submitted his request to officials of the Florida correctional facility in which he was jailed.[4] The Court must decide which event invoked the "speedy trial" provision of Art. III(1). We conclude the former was the critical date.

The Interstate Agreement on Detainers must be considered *in pari materia* with the Uniform Mandatory Disposition of Detainers Law (UMDDL) § 217.450–.485, RSMo 1986. *State ex rel. Kemp v. Hodge,* 629 S.W.2d 353, 359 (Mo. banc 1982). The UMDDL specifically directs that one who requests final adjudication of charges underlying an outstanding detainer must be tried "[w]ithin one hundred eighty days *after the receipt* of the request ... by the court and the prosecuting attorney...." § 217.460, RSMo 1986 (emphasis supplied). The language of Art. III(1) must be interpreted likewise.[5]

Appellant urges it was the responsibility of Florida prison officials to "promptly forward" his request, Art. III(2), and that he should not be penalized for their failure to do so. True:

It is the scheme of the Agreement, as it has been construed by the courts, to place the onus of compliance upon the officials of the incarcerating and receiving states, rather than upon the prisoner. The officials are generally in a better position to advance the case and to secure cooperation from each other than is the prisoner.

*State ex rel. Saxton v. Moore,* 598 S.W.2d 586, 590 (Mo.App.1980) (citations omitted). Dispositive here, however, is the fact that Missouri prosecutors had no knowledge of appellant's request for final disposition before August 26, 1985. Absent such knowledge, Jackson County prosecutors were in *no* position to "advance the case and secure cooperation" from Florida officials. Nor can the receiving state, under these and similar circumstances, be burdened with insisting that a sister state's officials comply with the Agreement. *See State ex rel. Tryon v. Mason,* 679 S.W.2d 268 (Mo. banc 1984), *cert. denied,* 470 U.S. 1056, 105 S.Ct. 1765, 84 L.Ed.2d 826 (1985) (IAD's limitations period not violated where Kansas, pursuant to state law, refused to give over temporary custody of prisoner to stand trial in Missouri).[6]

We hold, consistent with an apparent majority of jurisdictions which have con-

---

**4.** In so finding, we exclude from the period of delay: 1) That length of time for which the case was continued on defense counsel's motion, where said motion was for additional time in which to prepare for trial, *see State v. Armstrong,* 624 S.W.2d 36, 41 (Mo.App.1981); and 2) Those periods of time defendant was transferred to and tried in jurisdictions other than Missouri pursuant to detainers lodged by officials in those states. *See Spears v. State,* 280 Ark. 577, 588, 660 S.W.2d 913, 919 (1983); § 217.490, RSMo 1986 (IAD, Art. VI(1)) ("the running of the time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial").

**5.** The prosecutor may by his actions waive the requirement that a prisoner must also send his request for final disposition to the circuit court.

*State v. Smith,* 686 S.W.2d 543, 546–47 (Mo.App. 1985); *State ex rel. Saxton v. Moore,* 598 S.W.2d 586, 590–92 (Mo.App.1980). We intend no dilution of this waiver principle by our ruling herein. *See supra* note 2.

**6.** We agree that Florida prison officials should have allowed our courts to decide whether Walton was "unable to stand trial" in Missouri pending disposition of charges brought by the states of Wisconsin and Michigan. *See* § 217.-490, RSMo 1986 (IAD, Art. VI(1)). The IAD offers no guidance reference the order in which detainers from several states are to be processed and prosecuted. Barring amendment of the IAD to meet this problem, we adopt and apply the *Spears* approach, *see supra* note 4, to this and future cases.

sidered the question,[7] that the 180–day limitations period of Art. III(1) does not commence until proper Missouri authorities receive a request for final disposition of an outstanding detainer.

The judgment below is affirmed.

BILLINGS, C.J., and WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

BLACKMAR, Judge, concurring.

I concur because the defendant was tried within 180 days of the Jackson County prosecutor's receipt of his request for disposition, and because he was tried through plea of guilty on January 6, 1986, which is within 180 days of his return from Michigan to Florida on July 11, 1985.

I reserve judgment about a situation in which prison officials simply hold a request for disposition instead of forwarding it to the state which has issued a detainer. The state of custody could certainly frustrate the purpose of the Interstate Agreement on Detainers by failing to forward the papers, and the petitioner can do little to protect himself in such a situation. I cannot fault the Florida officials for not transmitting the defendant's request for disposition of the Missouri charges until after the Wisconsin and Michigan proceedings had been terminated.

**7.** *See, e.g., People v. Bielecki,* 41 Colo.App. 256, 258, 588 P.2d 377, 378 (1978); *State v. Braswell,* 194 Conn. 297, 304, 481 A.2d 413, 417, *cert. denied,* 469 U.S. 1112, 105 S.Ct. 793, 83 L.Ed.2d 786 (1984); *Pinnock v. State,* 384 So.2d 738, 739 (Fla.Ct.App.1980); *Holland v. State,* 265 Ind. 216, 223, 352 N.E.2d 752, 757 (1976); *State v. White,* 234 Kan. 340, 344, 673 P.2d 1106, 1110 (1983) (citing *State v. Arwood,* 46 Or.App. 653, 655–56, 612 P.2d 763 (1980)); *Hines v. State,* 58 Md.App. 637, 650, 473 A.2d 1335, 1341 (1984); *State v. Ternaku,* 156 N.J.Super. 30, 34, 383 A.2d 437, 439 (1978); *Commonwealth v. Fisher,* 451 Pa. 102, 104, 301 A.2d 605, 606 (1973); *State v. Moosey,* 504 A.2d 1001, 1003 (R.I.1986).