In the Missouri Court of Appeals
 Western District

 STATE OF MISSOURI, )
 Appellant, )
 v. ) WD83735
 )
 LOREN BURHOP, JR., ) FILED: May 18, 2021
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF RAY COUNTY
 THE HONORABLE LORI J. BASKINS, JUDGE

 BEFORE DIVISION FOUR: CYNTHIA L. MARTIN, CHIEF JUDGE, PRESIDING,
 LISA WHITE HARDWICK AND W. DOUGLAS THOMSON, JUDGES

 The State appeals the circuit court’s order dismissing with prejudice a

criminal complaint against Loren Burhop, Jr., for failing to try him within 180 days

of his request for disposition of the charges in violation of the Interstate

Agreement on Detainers (“IAD”). The State contends that the court erred in

granting Burhop’s motion to dismiss because he failed to prove that he had

complied with all of the IAD’s requirements. For reasons explained herein, we

affirm.

 FACTUAL AND PROCEDURAL HISTORY

 In August 2017, the State filed a complaint charging Burhop in Ray County

with possession of a controlled substance and possession of drug paraphernalia.
On September 20, 2019, the Ray County Circuit Clerk received a packet of five

documents from a correctional facility in Kansas by certified mail. The first

document, labeled “UNIFORM MANDATORY DISPOSITION OF DETAINERS ACT

PURSUANT TO K.S.A. 22-4301,” indicated that Burhop was currently serving a

sentence in the Kansas Department of Corrections and stated the length of his

sentence, the time served, and the remaining time on his sentence. The second

document indicated that Burhop had untried charges against him in Ray County.

The third document was addressed to the Ray County Circuit Court and the Ray

County Prosecuting Attorney and indicated that Burhop wished to have a final

disposition of the charges pending against him “and placed as detainers against

[him] at this institution.” The fourth document, which was signed by the records

clerk and the warden of the Kansas correctional facility where Burhop was an

inmate, stated that a detainer was “currently on file” against Burhop from Ray

County for the charges in this case. The fifth document was a letter signed by the

records clerk and the warden offering to deliver Burhop to the temporary custody

of Ray County. The Ray County Circuit Clerk filed the packet of documents in the

court file, and the Ray County Prosecuting Attorney received an eNotice from

Case.net on September 20, 2019, that the packet of documents had been filed.

 On February 21, 2020, Burhop filed a letter in the circuit court requesting an

update on the status of his request to have his case disposed. On March 18, 2020,

Burhop filed a motion to dismiss the Ray County criminal case with prejudice

pursuant to Articles III and V of the IAD. In his motion, Burhop asserted that the

 2
packet of documents received by the Ray County Circuit Court on September 20,

2019, “contained all of the information necessary to put the State and Court

clearly on notice of [his] request under the IAD” and triggered the running of the

180-day time limit during which the IAD mandated that he be tried. Burhop

argued that, because Ray County had taken no action to proceed with prosecuting

him by March 18, 2020, the IAD required dismissal of the Ray County charges with

prejudice.

 The court held a hearing on Burhop’s motion to dismiss on March 24, 2020.

The hearing was not recorded, so no transcript of the hearing was made. The

next day, the court entered an order granting the motion and dismissing the

criminal complaint with prejudice. The State appeals.

 STANDARD OF REVIEW

 “Whether the trial court properly interpreted and applied the IAD to the

facts is a question of law which this [c]ourt reviews de novo.” State v. Woods,

259 S.W.3d 552, 555 (Mo. App. 2008). “To the extent the court’s application of the

law was based upon the evidence presented, we defer to the court’s factual

findings and credibility determinations.” Id. When, as in this case, the circuit

court does not make specific findings of fact, we “must assume that all facts were

found in accordance with the result reached.” State v. Revels, 13 S.W.3d 293, 297

(Mo. banc 2000).

 ANALYSIS

 3
 In its sole point on appeal, the State contends the circuit court erred in

granting Burhop’s motion to dismiss because he did not show that he complied

with all of the IAD’s requirements. The State asserts that, because Burhop failed

to prove that he met the IAD’s requirements, his request for disposition of the

charges against him did not trigger the IAD’s time limitation.

 The IAD allows a prisoner in one state to request disposition of a criminal

charges filed against the prisoner by a second state. State v. Morrison, 364

S.W.3d 779, 784 (Mo. App. 2012). The purpose of the IAD “is to encourage the

expeditious and orderly disposition of charges outstanding against a prisoner and

determination of the proper status of any and all detainers based on untried

indictments, informations, or complaints.” Id. (citation omitted). “A detainer is a

request filed by a criminal justice agency with the institution in which a prisoner is

incarcerated, asking the institution either to hold the prisoner for the agency or to

notify the agency when release of the prisoner is imminent.” Id. (quoting

Carchman v. Nash, 473 U.S. 716, 719 (1985)).

 To invoke the IAD, the prisoner must establish the following:

 (1) the person is incarcerated in one state (sending state); (2) there
 are untried charges against the person in a second state (receiving
 state); (3) the receiving state has lodged a detainer against the person
 on the basis of the untried charges; and (4) the person has notified
 both the prosecuting attorney and the appropriate court of the
 prosecuting attorney’s jurisdiction in the receiving state of his current
 place of imprisonment in the sending state and his request for final
 disposition of the untried charges.

 4
Id. (citing § 217.490, Art. III, § 11). “If these four criteria are met, then the receiving

state must bring the person to trial on the untried charges within 180 days of the

notification and request for disposition, or the charges must be dismissed.” Id.

(citing § 217.490, Art. III, § 4). The prisoner has the burden of proving the four

criteria were met. Id. Once the prisoner presents evidence establishing his

compliance with the IAD’s requirements, the burden then shifts to the State to

produce evidence showing that there was good cause to delay the trial past 180

days. Id.

 Here, it is undisputed that Burhop was incarcerated in Kansas and that there

were charges pending against him in Ray County; therefore, he met the first two

criteria. The State asserts that Burhop failed to prove the third criterion, i.e., that a

detainer was lodged against him by any criminal justice agency in Ray County,

and the fourth criterion, i.e., that the Ray County Prosecuting Attorney received

notice of his request for disposition of the charges pending against him.

 Looking first at the detainer requirement, “Missouri courts have already

decided that a detainer must be lodged against a prisoner before he can invoke

the protections of the IAD.” State v. Delong, 348 S.W.3d 866, 869 (Mo. App. 2011).

Indeed, “the lodging of a detainer against the prisoner is a fundamental

procedural requirement of § 217.490 and must have occurred before a request for

disposition of the untried charges can be effective.” Id. at 871.

1
 All statutory references are to the Revised Statutes of Missouri 2016.

 5
 One of the documents sent by the Kansas correctional facility to the Ray

County Circuit Court along with Burhop’s request for disposition of the charges in

this case stated that Ray County had a detainer “currently on file” against Burhop

for those charges. This document was signed by the records clerk and the warden

of the Kansas correctional facility where Burhop was incarcerated. Clearly, the

court chose to find this document credible, and we must defer to its decision to do

so. Woods, 259 S.W.3d 555. This document constituted sufficient evidence that

Ray County had lodged a detainer against Burhop for the untried charges before

he requested disposition of those charges.

 The State next argues that Burhop failed to prove that the Ray County

Prosecuting Attorney received notice of his request for disposition of the charges.

The IAD provides that, when a prisoner requests disposition of untried charges,

the warden or other official having custody of the prisoner must forward the

request, along with other required information, to the appropriate prosecuting

official and court by registered or certified mail, return receipt requested. §

217.490, Art III, § 2. The 180-day limitations period is triggered only when the

prosecuting attorney and the appropriate court receive the required documents.

State v. Smith, 686 S.W.2d 543, 546 (Mo. App. 1985).

 Courts in this state have construed the IAD to “place the onus of

compliance upon the officials of the incarcerating and receiving states, rather than

upon the prisoner. The officials are generally in a better position to advance the

case and to secure cooperation from each other than is the prisoner.” State ex

 6
rel. Suitor v. Stremel, 968 S.W.2d 221, 223 (Mo. App. 1998) (quoting State v.

Walton, 734 S.W.2d 502, 503 (Mo. banc 1987)). Consequently, “if the prisoner

makes a good-faith effort to invoke the [IAD], and he omits nothing essential to

the statute’s operation, his failure to comply strictly with its requirements will not

be fatal to his claim.” Id. Written notice to both the prosecuting attorney and the

appropriate court of the request for disposition of the untried charges is an

essential requirement of the IAD. Woods, 259 S.W.3d at 557.

 The record before us indicates that the Kansas correctional facility where

Burhop was incarcerated sent his request and supporting documents by certified

mail only to the Ray County Circuit Clerk. The Ray County Prosecuting Attorney

did, however, receive notice of the request because Case.net’s eNotice History

shows that she received an eNotice on September 20, 2019, informing her that

Burhop’s request for disposition and supporting documents had been filed.

Supreme Court Rule 103.08 states that “[s]ervice shall be made to registered users

through the electronic filing system” and that such service is “complete upon

transmission.” Given that Missouri provides for service of documents through the

electronic filing system and the record conclusively shows that the Ray County

Prosecuting Attorney received actual notice of Burhop’s request for disposition of

the untried charges through that system, we find that Burhop made a good-faith

effort to invoke the IAD and omitted nothing essential to Section 217.490’s

operation. Because the record established that Burhop was not brought to trial

within 180 days after he properly invoked the IAD on September 20, 2019, and

 7
because the State has not presented any evidence to establish good cause for the

failure to bring Burhop to trial within the 180-day period, the circuit court did not

err in dismissing the criminal complaint against him with prejudice. Point denied.

 CONCLUSION

 The order dismissing the criminal complaint with prejudice is affirmed.

 ____________________________________
 LISA WHITE HARDWICK, JUDGE
ALL CONCUR.

 8