In the Missouri Court of Appeals
 Western District

 STATE OF MISSOURI, )
 Appellant, )
 v. ) WD83734
 )
 ANTHONY STEVENSON, ) FILED: May 18, 2021
 Respondent. )

 APPEAL FROM THE CIRCUIT COURT OF RAY COUNTY
 THE HONORABLE LORI J. BASKINS, JUDGE

 BEFORE DIVISION FOUR: CYNTHIA L. MARTIN, CHIEF JUDGE, PRESIDING,
 LISA WHITE HARDWICK AND W. DOUGLAS THOMSON, JUDGES

 The State appeals the circuit court’s order dismissing with prejudice a

criminal complaint against Anthony Stevenson for failing to try him within 180

days of his request for disposition of the charges in violation of the Interstate

Agreement on Detainers (“IAD”). The State contends that the court erred in

granting Stevenson’s motion to dismiss because he failed to demonstrate that he

had complied with all of the IAD’s requirements. For reasons explained herein,

we affirm.

 FACTUAL AND PROCEDURAL HISTORY

 On October 4, 2018, the State filed a complaint charging Stevenson in Ray

County with 14 counts of first-degree assault of a law enforcement officer and 13
counts of armed criminal action. On June 17, 2019, the Ray County Circuit Clerk

received a packet of documents from the U.S. Department of Justice, Federal

Bureau of Prisons by certified mail. The packet included a form signed by the

warden of a federal prison in Illinois where Stevenson was in custody. It was

addressed specifically to the Clay County Prosecuting Attorney and “to all other

prosecuting officers and courts of jurisdiction listed below from which

indictments, information or complaints are pending” against Stevenson. The

warden offered to deliver temporary custody of Stevenson to Clay County

pursuant to the IAD for disposition of his charges in Clay County and also

authorized the Clay County Prosecuting Attorney to transfer Stevenson to

authorities in Ray County for disposition of his charges in Ray County.

 The packet included a letter from the warden to the Clay County

Prosecuting Attorney stating that Stevenson had requested disposition of the

pending charges in Clay County pursuant to the IAD. Another form in the packet

noted the length of Stevenson’s term of commitment to the Illinois federal prison,

the time he had served, the time remaining to be served, and the amount of good

time earned. The form stated that the detainers “currently on file” against

Stevenson from the State of Missouri were filed by Clay County. The packet

included an “Inmate Request to Staff” signed by Stevenson on June 12, 2019, in

which he stated, “I would like to file under the Interstate Agreement on Detainers

Act, for pending charges out of Clay County, MO and Ray County, MO.” In

response to this request, the staff member indicated, in the space marked

 2
“Disposition,” “IAD Initiated on June 12, 2019.” The Ray County Circuit Clerk filed

the packet of documents in the court file, and the Ray County Prosecuting

Attorney received an eNotice from Case.net on June 17, 2019, that the packet had

been filed.

 On February 28, 2020, Stevenson filed a motion to dismiss the Ray County

criminal case with prejudice pursuant to Articles III and V of the IAD. In his

motion, Stevenson asserted that the packet of documents received by the Ray

Count Circuit Court on June 17, 2019, constituted a “request for a final disposition

of the complaint pending against him pursuant to the [IAD]” and triggered the

running of the 180-day time limit during which the IAD mandated that he be tried.

Because Ray County had taken no action to proceed with prosecuting him by

December 16, 2019, Stevenson argued that the IAD required dismissal of the Ray

County charges with prejudice.

 The court held a hearing on Stevenson’s motion to dismiss on March 24,

2020. The hearing was not recorded, so no transcript of the hearing was made.

The next day, the court entered an order granting Stevenson’s motion and

dismissing the criminal complaint with prejudice. The State appeals.

 STANDARD OF REVIEW

 “Whether the trial court properly interpreted and applied the IAD to the

facts is a question of law which this [c]ourt reviews de novo.” State v. Woods,

259 S.W.3d 552, 555 (Mo. App. 2008). “To the extent the court’s application of the

law was based upon the evidence presented, we defer to the court’s factual

 3
findings and credibility determinations.” Id. When, as in this case, the circuit

court does not make specific findings of fact, we “must assume that all facts were

found in accordance with the result reached.” State v. Revels, 13 S.W.3d 293, 297

(Mo. banc 2000).

 ANALYSIS

 In its sole point on appeal, the State contends the circuit court erred in

granting Stevenson’s motion to dismiss because Stevenson failed to show that he

complied with all of the IAD’s requirements. The State asserts that, because

Stevenson’s request for disposition of the charges against him did not meet the

IAD’s requirements, the request did not trigger the IAD’s time limitations.

 The IAD allows a prisoner in one state to request disposition of a criminal

charges filed against the prisoner by a second state. State v. Morrison, 364

S.W.3d 779, 784 (Mo. App. 2012). The purpose of the IAD “is to encourage the

expeditious and orderly disposition of charges outstanding against a prisoner and

determination of the proper status of any and all detainers based on untried

indictments, informations, or complaints.” Id. (citation omitted). “A detainer is a

request filed by a criminal justice agency with the institution in which a prisoner is

incarcerated, asking the institution either to hold the prisoner for the agency or to

notify the agency when release of the prisoner is imminent.” Id. (quoting

Carchman v. Nash, 473 U.S. 716, 719 (1985)).

 To invoke the IAD, the prisoner must establish the following:

 4
 (1) the person is incarcerated in one state (sending state); (2) there
 are untried charges against the person in a second state (receiving
 state); (3) the receiving state has lodged a detainer against the person
 on the basis of the untried charges; and (4) the person has notified
 both the prosecuting attorney and the appropriate court of the
 prosecuting attorney’s jurisdiction in the receiving state of his current
 place of imprisonment in the sending state and his request for final
 disposition of the untried charges.

Id. (citing § 217.490, Art. III, § 11). “If these four criteria are met, then the receiving

state must bring the person to trial on the untried charges within 180 days of the

notification and request for disposition, or the charges must be dismissed.” Id.

(citing § 217.490, Art. III, § 4). The prisoner has the burden of proving the four

criteria were met. Id. Once the prisoner presents evidence establishing his

compliance with the IAD’s requirements, the burden then shifts to the State to

produce evidence showing that there was good cause to delay the trial past 180

days. Id.

 Here, it is undisputed that Stevenson was incarcerated in a federal

correctional institution in Illinois and that there were charges pending against him

in Ray County; therefore, he met the first two criteria. The State asserts that

Stevenson failed to establish the third criterion, i.e., that a detainer was lodged

against him by any criminal justice agency in Ray County, and the fourth criterion,

i.e., that the Ray County Prosecuting Attorney received notice of his request for

disposition of the charges pending against him.

1
 All statutory references are to the Revised Statutes of Missouri 2016.

 5
 Looking first at the detainer requirement, “Missouri courts have already

decided that a detainer must be lodged against a prisoner before he can invoke

the protections of the IAD.” State v. Delong, 348 S.W.3d 866, 869 (Mo. App. 2011).

Indeed, “the lodging of a detainer against the prisoner is a fundamental

procedural requirement of § 217.490 and must have occurred before a request for

disposition of the untried charges can be effective.” Id. at 871.

 The documents in the packet that the Ray County Circuit Court received

from the federal correctional institution where Stevenson was imprisoned stated

that a detainer had been filed against Stevenson by the Clay County Prosecuting

Attorney with respect to the untried charges in Clay County. While the documents

did not expressly state that Ray County had also filed a detainer against

Stevenson, in one of the documents, the warden of the federal correctional

institution gave the Clay County Prosecuting Attorney the authority to transfer

Stevenson to the “custody of appropriate authorities” in Ray County for his

untried charges in Ray County. Based upon the warden’s authorization to transfer

Stevenson to Ray County, the circuit court could have reasonably inferred that

Ray County had, in fact, lodged a detainer against Stevenson for the untried

charges in that county.

 Because we have no transcript of the hearing on Stevenson’s motion, we

do not know what, if any, additional information was presented to the court to

support such an inference. Rule 81.12(a) requires that the record on appeal

“contain all of the record, proceedings, and evidence necessary” to determine the

 6
issue on appeal, and the rule places the burden of preparing this record on the

appellant. Rule 81.12(b) and (c). The State argues that the circuit court’s decision

not to record the hearing prevented it from obtaining a transcript. The State,

however, could have obtained a stipulation from Stevenson’s counsel detailing

the information presented at the hearing and provided that stipulation to this

court pursuant to Rule 81.12(f)(1). What the State cannot do is file an incomplete

record on appeal and then argue that the incomplete record does not support the

court’s implicit finding that Ray County had lodged a detainer against Stevenson

for the untried charges.

 The State next argues that Stevenson failed to prove that the Ray County

Prosecuting Attorney received notice of his request for disposition of the charges.

The IAD provides that, when a prisoner requests disposition of untried charges,

the warden or other official having custody of the prisoner must forward the

request, along with other required information, to the appropriate prosecuting

official and court by registered or certified mail, return receipt requested. §

217.490, Art III, § 2. The 180-day limitations period is triggered only when the

prosecuting attorney and the appropriate court receive the required documents.

State v. Smith, 686 S.W.2d 543, 546 (Mo. App. 1985).

 Courts in this state have construed the IAD to “place the onus of

compliance upon the officials of the incarcerating and receiving states, rather than

upon the prisoner. The officials are generally in a better position to advance the

case and to secure cooperation from each other than is the prisoner.” State ex

 7
rel. Suitor v. Stremel, 968 S.W.2d 221, 223 (Mo. App. 1998) (quoting State v.

Walton, 734 S.W.2d 502, 503 (Mo. banc 1987)). Consequently, “if the prisoner

makes a good-faith effort to invoke the [IAD], and he omits nothing essential to

the statute’s operation, his failure to comply strictly with its requirements will not

be fatal to his claim.” Id. Written notice to both the prosecuting attorney and the

appropriate court of the request for disposition of the untried charges is an

essential requirement of the IAD. Woods, 259 S.W.3d at 557.

 The record before us indicates that the federal correctional institution in

Illinois where Stevenson was incarcerated sent his request and supporting

documents only to the Ray County Circuit Clerk. The Ray County Prosecuting

Attorney did, however, receive notice of the request because Case.net’s eNotice

History shows that she received an eNotice on June 17, 2019, informing her that

Stevenson’s request for disposition and supporting documents had been filed.

Supreme Court Rule 103.08 provides that “[s]ervice shall be made to registered

users through the electronic filing system,” and that such service is “complete

upon transmission.” Given that Missouri provides for service of documents

through the electronic filing system and the record conclusively shows that the

Ray County Prosecuting Attorney received actual notice of Stevenson’s request

for disposition of the untried charges through that system, we find that Stevenson

made a good-faith effort to invoke the IAD and omitted nothing essential to

Section 217.490’s operation. Because the record established that Stevenson was

not brought to trial within 180 days after he properly invoked the IAD on June 17,

 8
2019, the circuit court did not err in dismissing the criminal complaint against him

with prejudice. Point denied.

 CONCLUSION

 The order dismissing the criminal complaint with prejudice is affirmed.

 ____________________________________
 LISA WHITE HARDWICK, JUDGE
ALL CONCUR.

 9