**STATE of Missouri, Respondent,**

v.

**Robert JENKINS, Appellant.**

**Robert JENKINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 55122 and 56055.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Timothy E. Hogan, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal from convictions for second degree burglary and stealing and from the subsequent denial of defendant's Rule 29.15 motion. The defendant claims the trial court lacked jurisdiction pursuant to the Interstate Agreement on Detainers, Mo.Rev.Stat. § 217.490 (1986), because he was not tried without 180 days of his request for a final disposition of a pending indictment; and, second, he was entitled to an evidentiary hearing on his Rule 29.15 motion. We affirm both the conviction and the denial of a hearing.

In 1978 defendant was charged with burglary and stealing in Missouri. Thereafter, he failed to appear and his bond was forfeited. Defendant was later imprisoned in the Sierra Conservation Center in California for an unrelated offense. A chronological account of the facts would be helpful:

10–13–87—Defendant filed with the custodial officials at the Sierra Conservation Center a request for disposition of the untried burglary and stealing charges.

10–16–87—The warden mailed copies of the request for disposition, an offer to deliver temporary custody and a certificate of inmate status to the "Clerk of the Circuit Court" and to the "District Attorney for St. Louis County." Both copies were addressed to the "Circuit Court, Division 36, St. Louis County, Missouri" and sent via certified mail.

10–29–87—Both copies were signed for by an assistant clerk of the circuit court and the return receipts were returned to California. The clerk neither filed the request to the court nor forwarded the copy intended for the prosecuting attorney.

2–17–88—The Chief Investigator for the St. Louis County Prosecuting Attorney's office received a telephone call from California concerning the defendant's request. For the first time, the St. Louis County Prosecutor was advised about the existence of defendant's request and was told records at the California facility showed a request had been received by the Circuit Court on October 29, 1987.

2–19–88—The Prosecutor mailed an "Agreement on Detainers Form VII" which accepted California's offer to surrender temporary custody to Missouri.

6–7–88—Defendant was tried for burglary and stealing, found guilty and sentenced to concurrent terms of eight and five years' imprisonment.

The disposition of defendant's appeal of his conviction depends upon when the 180 days to bring him to trial began to run. It must be determined when, between October 13, 1987 and February 19, 1988, the prosecutor received notice of defendant's request.

Under the Agreement on Detainers Article III(1), Mo.Rev.Stat. § 217.490, the defendant

shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer *and* the appropriate court of the prosecuting officer's jurisdiction written notice ... of his request (emphasis added).

■ The 180-day period starts in one of two ways. The first is by the actual re-

ceipt of the request for final disposition of an outstanding detainer by both the prosecutor and the proper court. *State v. Walton,* 734 S.W.2d 502, 504 (Mo. banc 1987); *State v. Smith,* 686 S.W.2d 543, 546[1] (Mo.App.1985); *State ex rel. Hammett v. McKenzie,* 596 S.W.2d 53, 56[1, 2] (Mo.App. 1980).

 Defendant's request was improperly addressed with both copies being sent to the circuit court. The prosecutor was not thereby notified. Defendant had the obligation to "cause to be delivered" to the proper authorities the request for disposition. Mo.Rev.Stat. § 217.490, Art. III(1) (1986). Included in that obligation was the duty to properly address the forms. *Sweat v. Darr,* 235 Kan. 570, 684 P.2d 347, 354–55[10] (1984).

 For the reason the prosecutor was not notified by the mailing to the circuit court, defendant asserts, in the alternative, the prosecutor waived such notice by mailing its agreement on detainers on 2–19–88. He proffers such waiver relates back to the time of the delivery of his request for disposition to the warden on 10–13–87. But not so under the second method to start the clock.

 The 180–day time began on 2–19–88 when the prosecutor executed and mailed its agreement to accept the temporary custody. *Smith,* 686 S.W.2d at 547[2]; *State ex rel. Saxton v. Moore,* 598 S.W.2d 586, 592[4] (Mo.App.1980). *See also Walton,* 734 S.W.2d at 503 n. 5 (Mo. banc 1987). Trial was had on 6–7–88, within 180 days from 2–19–88.

 Defendant asserts he was entitled to an evidentiary hearing on his Rule 29.-15(a) motion. He claims at such hearing he would call the clerk of the St. Louis County Circuit Court who signed the return receipt of his request for disposition.

Because defendant was tried within the 180–day time limit, the trial court had jurisdiction to hear the case. Therefore, defendant failed to plead facts in his 29.15(a) motion entitling him to an evidentiary hear-

ing. *Barton v. State,* 754 S.W.2d 36, 37–8 (Mo.App.1988).

Judgments affirmed.

GARY M. GAERTNER, P.J., and SIMEONE, Senior Judge, concur.