George MEYER, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. 62777.

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1993.

Craig A. Johnston, Office of the State Public Defender, Columbia, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for postconviction relief. We affirm.

On January 14, 1992, movant pled guilty to escape from confinement in violation of § 575.210 RSMo 1986. Pursuant to a plea agreement, movant was sentenced to two years' imprisonment, to run consecutively to the sentence he was already serving.

Movant filed a *pro se* Rule 24.035 motion on February 3, 1992, and a verified amended motion and request for evidentiary hearing on May 3, 1992. On August 12, 1992, the motion court issued its findings of fact, conclusions of law, and judgment denying movant's motions without an evidentiary hearing. Movant appeals.

The record in the case reveals a complaint was filed in Ste. Genevieve County on August 15, 1990, charging movant with escape from confinement. Counsel was appointed for movant on December 19, 1990, and a public defender entered her appearance on January 8, 1991. On December 31,

1990, the state filed a motion to disqualify the Ste. Genevieve County prosecuting attorney and to appoint a special prosecuting attorney. The court granted the motion and appointed the prosecuting attorney of St. Francois County special prosecutor on January 28, 1991. A copy of the order was mailed to the state and movant's counsel.

On June 19, 1991, movant filed a request for final disposition of detainers, pursuant to § 217.450 RSMo (Supp.1990), with the Circuit Court of Ste. Genevieve County. In the request, movant stated he was available and ready to stand trial, and indicated he was in the custody of the Missouri Eastern Correctional Center under the supervision of superintendent Paul Caspari. Although the court had appointed counsel for movant six months earlier, movant also stated he was proceeding *pro se*. The certificate of service on the request certified that a copy was sent to "the office of the prosecution [of] Ste. Genevieve County" on June 17, 1991. A docket sheet from the Ste. Genevieve County Circuit Court noted the motion's filing and also noted, "Copy sent to P.A."

On July 29, 1991, movant sent an untitled notice to the prosecuting attorney of Ste. Genevieve County notifying the "court" he was available and ready to stand trial and had been transferred from the Eastern Missouri Correctional Center to the Central Missouri Correctional Center. Nothing in the record indicates the notice was ever filed with the court. However, the prosecuting attorney of Ste. Genevieve County forwarded the notice to the special prosecuting attorney in St. Francois County. The special prosecutor received the notice on August 8, 1991.

The cause was set for trial on October 9, 1991. Defense counsel requested a continuance, and the cause was reset for trial on October 23, 1991. An information charging movant with escape from confinement was filed November 1, 1991. Movant pled not guilty on November 5, 1991, and the cause was passed to December 3, 1991. On November 7, 1991, movant filed a request for discovery and motion for change of venue. The motion was granted and the

cause certified to St. Francois County on December 3, 1991.

On January 10, 1992, movant filed a motion to dismiss alleging the court was without jurisdiction because movant had not been tried within 180 days of his request for disposition of detainers filed June 19, 1991. The court overruled the motion, after argument, on January 14, 1992. On that date, movant pled guilty and admitted the facts supporting the escape from confinement charge. Thereafter, movant filed *pro se* and amended Rule 24.035 motions alleging, *inter alia*, that the trial court was without jurisdiction to accept his plea. The motion court denied the motions without an evidentiary hearing on August 12, 1992, finding that movant in his request for disposition failed to comply with § 217.455 RSMo (Supp.1990) and failed to provide notice to the special prosecuting attorney.

■ Our review of the motion court's ruling is limited to a determination of whether its findings and conclusions are clearly erroneous. Rule 24.035(j); *Franks v. State*, 783 S.W.2d 437, 438 (Mo.App. 1990). To be entitled to an evidentiary hearing on a Rule 24.035 motion, movant must plead facts, not conclusions, which would warrant relief if true; the factual allegations must not be refuted by the record; and the matters of which movant complained must have resulted in prejudice to movant's defense. *Franks*, 783 S.W.2d at 438.

■ Movant contends the motion court clearly erred in denying relief on his claim that the trial court was without jurisdiction to accept his guilty plea, since his request for disposition of detainers was in substantial compliance with §§ 217.450 and 217.455 RSMo (Supp.1990), and he invoked the 180–day period fixed by § 217.460 RSMo (Supp. 1990) on June 19, 1991.

Pursuant to § 217.450.1 RSMo (Supp. 1990), a prisoner may request final disposition of any untried indictment, information, or complaint pending against him or her in the state. That section also provides: "The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to *the prose-*

*cuting attorney charged with the duty of prosecuting it,* and shall set forth the place of imprisonment." § 217.450.1 RSMo (Supp.1990) (emphasis added). The request provided for in § 217.450.1 is to be delivered to the Director of the Division of Adult Institutions, who is to make specific certifications and send copies of the request and certificate to the court and the prosecuting attorney to whom it is addressed. § 217.455 RSMo (Supp.1990). Unless the indictment, information, or complaint is brought to trial within 180 days after the receipt of the request and certificate, or within such additional time as the court may grant for good cause, no court in the state has jurisdiction, and the court must dismiss the detainer with prejudice. Section 217.460 RSMo (Supp.1990).

 The 180–day period of § 217.460 begins to run only when both the prosecutor and the court receive a defendant's request for disposition and the director's certificate. *See State v. White,* 728 S.W.2d 564, 567 (Mo.App.1987); *State v. Jenkins,* 778 S.W.2d 815, 816–17 (Mo.App.1989) (applying the Interstate Agreement on Detainers, § 217.490 RSMo 1986).[1]

In this case, we need not determine whether movant's request was sufficient to invoke § 217.460 despite his failure to deliver it to the Director of the Division of Adult Institutions for certification as required by § 217.455. Even assuming the request was sufficient to invoke the provisions of the Detainers Law, the 180–day period fixed by § 217.460 did not begin running until August 8, 1991, when the prosecuting attorney of St. Francois County received actual notice of the request. Movant pled guilty on January 14, 1992, which is 159 days after August 8, 1991.[2]

Movant acknowledges he sent notice to the prosecuting attorney of Ste. Genevieve County rather than the special prosecutor charged with prosecuting the case. However, he argues he received no notice of the special prosecutor's appointment, although notice thereof was sent to defense counsel whom the court had appointed to represent movant more than one month before. Movant also argues the prosecuting attorney of Ste. Genevieve County "had at least some duty" to send the documents to the special prosecuting attorney.

 We need not determine whether the prosecuting attorney of Ste. Genevieve County was necessarily obligated to forward movant's request to the special prosecutor. Movant's obligation to deliver his request for disposition includes an obligation to deliver it to the proper authorities. *See Jenkins,* 778 S.W.2d at 817. We find this particularly true where, as here, a defendant bypasses the Director of the Division of Adult Institutions and assumes the burden of notification. The record indicates the prosecutor charged with the duty of prosecuting the case had no knowledge of movant's request for disposition before August 8, 1991. Absent such knowledge, the office was in no position to advance the case. *See State v. Walton,* 734 S.W.2d 502, 503 (Mo. banc 1987) (applying the Interstate Agreement on Detainers, § 217.-490 RSMo 1986).

Movant was "brought to trial" within 180 days of his request for disposition as required by § 217.460, and the court had full jurisdiction to accept his plea. Therefore, movant failed to plead facts in his Rule 24.035 motion entitling him to an evidentiary hearing, *see Jenkins,* 778 S.W.2d at 817, and the motion court was not clearly erroneous in denying him relief.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.

---

1. The Interstate Agreement on Detainers, § 217.490, must be considered *in pari materia* with the Uniform Mandatory Disposition of Detainers Law. *State v. Walton,* 734 S.W.2d 502, 503 (Mo. banc 1987).

2. In counting days under the Detainers Law, we exclude the day the request was received. *See State v. Galvan,* 795 S.W.2d 113, 118 n. 8 (Mo. App.1990).