Dean A. JAMISON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 50752.

Missouri Court of Appeals,
Western District.

Feb. 13, 1996.

As Modified March 28, 1996.

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Philip M. Koppe, Asst. Attorney General, Kansas City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.

SMITH, Judge.

On June 23, 1993, Dean Jamison pled guilty in the Circuit Court of Jackson County to two counts of robbery in the first degree, § 569.020, RSMo 1986, and was sentenced to 20 years on each count to run concurrently. On September 9, 1993, Jamison filed a timely *pro se* Rule 24.035 motion seeking to vacate the convictions and sentences imposed. Appointed counsel filed an amended motion and requested an evidentiary hearing. The request for an evidentiary hearing was denied and Jamison's motion for post-conviction relief was overruled on September 9, 1994.

Jamison appeals the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm.

## FACTS

On October 27, 1989, Jamison was charged with three counts of first degree robbery, four counts of armed criminal action, and one count of kidnapping. Jamison was incarcerated in a federal prison in Colorado at the time. On December 5, 1990, the State of Missouri filed a detainer against him. On January 2, 1991, Jamison filed a request for disposition of the charges against him, which he labeled as a motion for speedy trial, attempting to invoke the Interstate Agreement on Detainers (IAD). The request was filed with the circuit court, but was not served on the prosecutor pursuant to § 217.460, RSMo 1994, which requires the accused to be brought to trial within 180 days after receipt of a proper request by the accused for disposition of charges brought against him.

On July 23, 1991, more than 180 days after Jamison's request was filed with the court, Jamison filed a "Motion Seeking Order Dismissing Indictment for Failure to Prosecute." The prosecutor's office mailed Jamison a letter acknowledging receipt of his motion to dismiss, but stated that Jamison had not sent a copy of his request to them as required by § 217.450, RSMo 1994, and hence, Jamison had not properly invoked the IAD. On March 4, 1992, more than 180 days from the date of the first motion to dismiss, Jamison filed another motion to dismiss. This motion was also denied.

On June 23, 1993, Jamison pled guilty to two counts of first degree robbery pursuant to a plea agreement. He did not file a direct appeal. On September 9, 1993, Jamison filed a Rule 24.035 post-conviction motion seeking to set aside his convictions. An amended motion was later filed. The motion was based on the theory that the court lacked jurisdiction over the charges because the State violated the IAD.

The motion was denied. The court held that Jamison waived any violation of the IAD by the State when he pleaded guilty in June, 1993; and that the 180–day period of the IAD never commenced because Jamison had not given proper notice of his request for a final disposition of the charges against him as required by Art. III, § 1 of the IAD, codified at § 217.490, RSMo 1994.

## I.

In his one point on appeal, appellant claims that the trial court erred in denying his Rule 24.035 motion in that its findings of fact and conclusions of law were clearly erroneous with respect to his claim that the court lacked jurisdiction to accept his pleas and sentence him thereon because 180 days had elapsed since his request for disposition of all charges against him pursuant to the IAD. We disagree.

Appellate review of a Rule 24.035 motion is limited to a determination of whether the court's holding was clearly erroneous. Rule 24.035(j); *Baird v. State,* 906

S.W.2d 746, 749 (Mo.App.1995); *Wright—El v. State*, 890 S.W.2d 664, 670 (Mo.App.1994). To reverse, this court must be left with the firm impression that a mistake has been made after a review of the entire record. *Moore v. State*, 827 S.W.2d 213 (Mo. banc 1992). In order to be entitled to an evidentiary hearing, the defendant "must plead facts, not conclusions, which if true would warrant relief; the allegations must be unrefuted by the record; and the matters complained of must have prejudiced the movant." *State v. Pendas*, 855 S.W.2d 512, 516 (Mo. App.1993). If a review of the record as a whole conclusively shows that the defendant is not entitled to relief, a hearing is properly denied. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993).

■ Before we begin a discussion on the merits, we address the contention of the State that a direct appeal is the only forum for raising the defense of lack of subject matter jurisdiction, and that the Rule 24.035 motion used by defendant was therefore improper. This contention is not in accord with the Missouri Rules of Criminal Procedure. Rule 24.035(a) states that a claim "that the court imposing the sentence was without jurisdiction to do so" may be raised in a post-conviction motion before the trial court. The term "jurisdiction" must mean subject matter jurisdiction because personal jurisdiction is waived by appearing and pleading guilty while subject matter jurisdiction cannot be waived. *See Weiler v. Weiler*, 331 S.W.2d 165, 168 (Mo.App.1960). Rule 24.035(a) gives the defendant alternative forums in which to challenge subject matter jurisdiction; a Rule 24.035 motion is the exclusive procedure for raising the claim with the trial court, and a direct appeal from the conviction may be used to raise the issue at the appellate level. Rule 24.035(a).

The first issue we must address is whether Jamison properly invoked the IAD; because if he did not, the remaining issues are moot.

Article III, § 1 states in part that the accused must "cause[ ] to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition" of the claims against him. The statute goes on to require this request to—

be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.

Section 217.490, Art. III, § 1, RSMo 1994.

■ The 180–day time limit does not begin to run until there has been compliance with the above provisions or the prosecutor waives the right to receive notice. *State v. Jenkins*, 778 S.W.2d 815, 817 (Mo.App.1989). The motion court held that mere knowledge on the part of the prosecutor's office that a request for final disposition has been filed cannot take the place of proper service of the actual request. We do not find this ruling clearly erroneous.

■ Filing a proper request with the appropriate court but neglecting to send a proper request to the prosecuting attorney does not invoke the 180–day time limit. *Id.; State v. Walton*, 734 S.W.2d 502, 504 (Mo. banc 1987); *State v. Smith*, 686 S.W.2d 543, 546 (Mo.App.1985). The 180–day clock begins to run only when both the court and the prosecutor receive notice. *Jenkins*, 778 S.W.2d at 817. Here, Jamison admits that he did not cause proper notice to be delivered to the prosecutor, but claims that the prosecutor was in possession of proper notice on July 23, 1991, because he was aware from Jamison's motion to dismiss that a request for final disposition had been filed. The State does not deny being in possession of the motion for dismissal, nor that it had knowledge from this motion that a request for final disposition had been made. However, the State maintains that Jamison did not "cause to be delivered" proper notice as required by the statute. Although Jamison maintains that a copy of the request was attached to the motion to dismiss, the record before this court does not support that claim. Even if he had made the request part of the

record, Jamison never claimed that he put the State in possession of the accompanying certificate. We, therefore, find that Jamison failed to present any evidence that the State was in possession of an actual copy of the request and accompanying certificate, thereby having knowledge of each of the statutory items of information required to be set forth in the request and certificate. § 217.490, Art. III, § 1.

Knowledge that a request for final disposition has been filed is very different from being in possession of both the actual request and accompanying certificate. The Interstate Agreement on Detainers sets forth numerous specific items that must be set forth in the request for final disposition which assist the prosecutor in moving the accused to trial. § 217.490, Art. III, § 1. Knowledge of the facts which must be set forth in a proper request is essential to getting to trial in 180 days. The prosecutor's office must know where the accused is incarcerated and the length of the term of commitment. Without such facts, the prosecutor's office is hindered in its efforts to bring all charges to a final disposition within 180 days.

The court in *Meyer v. State*, 854 S.W.2d 69, 71 (Mo.App.1993) stated, "[t]he 180–day period of § 217.460 begins to run only when *both* the prosecutor and the court *receive* a defendant's request for disposition and the director's certificate" (emphasis added). Likewise, addressing both copies of the request for final disposition to the courthouse so that the prosecuting attorney did not receive a copy was held to be improper notice. *Jenkins*, 778 S.W.2d at 817. The *Jenkins* court went on to hold that the 180–day time period did not commence when the court called the prosecutor's office and told them that a request for final disposition had been filed there. *Id.* The court held that the defendant "had the obligation to 'cause to be delivered' to the proper authorities the request," but had failed to do so. *Id.* "Included in that obligation was the duty to properly address the forms." *Id.* A violation of the requirements of the statute is not "a mere technical error." *Smith*, 686 S.W.2d at 547.

Section 217.460 provides even more compelling authority that notice was insufficient to invoke the IAD in this case. The 180–day period commences "*after the receipt* of the request and certificate ... by the court and the prosecuting attorney...." § 217.460, RSMo 1994 (emphasis added). *See Walton*, 734 S.W.2d at 503 (giving literal interpretation to the phrase "after the receipt"). Because Jamison did not demonstrate that he put the State on notice of all the statutory items of information nor that the State was in receipt of a copy of the request and certificate on July 23, 1991, the day the State received Jamison's first motion to dismiss, we cannot find the decision of the motion court clearly erroneous. The trial court properly denied an evidentiary hearing because Jamison admits that he did not cause to be delivered to the prosecutor a proper IAD request for disposition and accompanying certificate.

Jamison alternatively claims that he made good faith efforts to invoke the IAD and that Missouri does not require strict compliance with § 217.460, relying primarily on *State ex rel. Saxton v. Moore*, 598 S.W.2d 586 (Mo.App.1980). A good faith effort to invoke the IAD is only sufficient when nothing essential is omitted. *Id.* at 590. As found above, failure to properly notice up the prosecutor is an essential omission. Here, the record refutes Jamison's allegations of good faith efforts, and thus the trial court properly denied his post-conviction motion without an evidentiary hearing. *Pendas*, 855 S.W.2d at 516.

This case is not one of form over substance. The notice requirements of the IAD are essential to obtaining a speedy, final disposition of all the charges against an accused. Compliance by both sides with the requirements therein is fair and the key to efficiently moving cases through the system without jeopardizing the rights of the accused. We cannot find error in a trial court holding a party accountable for its noncompliance with the governing statutes.

Having decided the appeal on a different issue, we need not address the issue of waiver of the IAD by Jamison's guilty pleas. Point denied.

## CONCLUSION

The judgment denying appellant's Rule 24.035 motion without an evidentiary hearing is affirmed.

All Concur.