**Anthony R. YAGOVANE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 51800.

Missouri Court of Appeals,
Western District.

June 11, 1996.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

Anthony R. Yagovane appeals the circuit court's denial of his Rule 24.035 motion. He contends that the circuit court lacked jurisdiction to accept his guilty plea because more than 180 days elapsed after he requested disposition of the detainer placed against him; therefore, his attorney was ineffective for not obtaining documents which would have proven that he had followed the steps outlined in § 217.490, RSMo 1994 (Agreement on Detainers). We disagree and affirm the circuit court's denial.

On August 25, 1992, Lafayette County prosecutor, Tim Larimore, requested the Colorado Department of Corrections to detain Yagovane for Missouri charges of first degree tampering. Colorado authorities served the detainer to Yagovane on September 11, 1992. On September 18, 1992, Yagovane sent a request for Disposition of Detainer to the Colorado Department of Corrections. In his request, he referred only to the prosecuting attorney of Lafayette County. He did not mention the Lafayette County Circuit Court.

On September 29, 1992, Colorado authorities sent a copy of Yagovane's request for disposition of detainer to Larimore and to the "Clerk of the District Court [in care of] Tim Larimore, Prosecuting Atty." The documents arrived in the prosecutor's office on October 5, 1992.

On June 14, 1993, before being extradited, Yagovane moved to dismiss on the ground that the 180 day limit for disposing of his detainer had expired. On August 10, 1993, Yagovane renewed his motion to dismiss, and, on September 14, 1993, the circuit court denied it.

Yagovane pleaded guilty to first degree tampering on October 18, 1993, and the state

recommended a three-year sentence. The court accepted Yagovane's plea and sentenced him to three years in prison.

On March 14, 1994, Yagovane filed a *pro se* Rule 24.035 motion to set aside his conviction. He alleged that his attorney had been ineffective, and he accused the prosecutor of misconduct. He also filed a motion to withdraw his guilty plea. He claimed that the circuit court did not have jurisdiction to consider his plea because the 180 day limit for disposition of his detainer had expired before he pleaded guilty. Yagovane filed a "Motion to Correct Judgment for Plain Error" which the court and the parties agreed to treat as an amended Rule 24.035 motion. This motion dealt exclusively with the detainer issue. The circuit court denied Yagovane's Rule 24.035 motion on the ground that Yagovane's request for disposition was ineffective because he did not send a copy to the circuit court. Yagovane appeals.

Yagovane argues that the circuit court erred in overruling his Rule 24.035 motion because his attorney was ineffective in not obtaining documents which would have proven that his request for disposition of his detainer was effective. We disagree.

Section 217.490 establishes the procedure by which a prisoner incarcerated in one state may demand the disposition of any detainer placed against him by another state. It provides that if a prisoner requests a disposition of a detainer, he must "be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer *and the appropriate court* of the prosecuting officer's jurisdiction" his request and attendant documents. Section 217.490, art. III.1 (emphasis added).

Yagovane caused his request for disposition of Missouri's detainer to be sent to the prosecuting attorney of Lafayette County. The circuit court never received its copy. Section 217.490, art. III.2, placed the burden on Yagovane to deliver his request to the proper authorities. " 'Included in that obligation was the duty to properly address the forms.' ... A violation of the requirements of the statute is not 'a mere technical error.' " *Jamison v. State*, 918 S.W.2d 889, 892 (Mo.App.1996)(quoting *State v. Jenkins*, 778 S.W.2d 815, 817 (Mo.App.1989) and *State v. Smith*, 686 S.W.2d 543, 547 (Mo.App.1985)).

Yagovane argues that "[t]he fact that the package addressed to the 'Clerk of the District Court' never made its way to the Circuit Court of Lafayette County cannot be held against [him]." He asserts:

> Though imprecise, Colorado's attempt to serve the appropriate court with the necessary notice by way of mailing it in the care of the prosecutor should be sufficient. This is particularly true since the same person who accepted delivery of the prosecutor's package simultaneously accepted delivery of the court's package. The onus was then on the prosecutor to forward the notice to the Circuit Court of Lafayette County. There is no justification for the prosecutor's failure to do so.... Penalizing the incarcerated defendant who has done all [§ 217.490] asks of him is patently unfair.

Indeed, he finds support for his position in *State ex rel. Saxton v. Moore*, 598 S.W.2d 586, 589–90 (Mo.App.1980):

> [Section 217.490][1] does not require literal and exact compliance by the prisoner with the direction of [§ 217.490] in order to avail himself of its benefits. If the prisoner makes a good-faith effort to bring himself within [§ 217.490's] purview, and omits nothing essential to [§ 217.490's] operation, then his failure of strict compliance will not deprive him of its benefits. It is the scheme of [§ 217.490], as it has been construed by the courts, to place the onus of compliance upon the officials of the incarcerating and receiving states, rather than upon the prisoner. The officials are generally in better position to advance the case and to secure cooperation from each other than is the prisoner.

We agree that a good faith effort to invoke § 217.490 is sufficient, but only if a prisoner does not omit anything essential. *Jamison*, 918 S.W.2d at 892. Notice to the appropriate court and the prosecutor, however, is essential. *Id.* As we said in *Jamison:*

---

1. The Agreement on Detainers was then codified at § 222.160, RSMo 1978.

This ... is not [a case] of form over substance. The notice requirements of [§ 217.490] are essential to obtaining a speedy, final disposition of all the charges against an accused. Compliance by both sides with the requirements therein is fair and the key to efficiently moving cases through the system without jeopardizing the rights of the accused. We cannot find error in a trial court['s] holding a party accountable for its noncompliance with the governing statutes.

*Id.*

Yagovane's case is not like the *Moore* case where the prosecutor, without objecting to the prisoner's failure to notify the appropriate court, accepted custody of the prisoner and sent notification of the trial date—all within the 180 day time period. By doing so, the prosecutor waived the statutory notice to the court and accepted what the prisoner had done as sufficient to invoke § 217.490. *Moore*, 598 S.W.2d at 592. Because in this case the circuit court did not receive Yagovane's request for disposition, the 180 day time limit did not begin until at least June 1, 1993, the date the prosecutor gave notice of his intention to take Yagovane into custody and notice of trial date. *Id.* Yagovane's guilty plea hearing was held on October 18, 1993, well within the 180 day limit.

We, therefore, affirm the circuit court's judgment.

LOWENSTEIN, P.J., and HANNA, J., concur.