**Jose RIVERA, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

**No. 25305.**

Missouri Court of Appeals, Southern District, Division Two.

June 17, 2003.

---

Nancy A. McKerrow, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, and Andrea Mazza Follett, Assistant Attorney General, for Respondent.

JAMES K. PREWITT, Presiding Judge.

Jose Rivera ("Movant") was charged on November 1, 1994 in Pemiscot County with the class A felony of trafficking drugs in the first degree, in violation of § 195.222, RSMo 1994. Upon application of Movant, the case was transferred to New Madrid County and filed there on March 1, 1995, and, pursuant to § 56.060.1, RSMo 1994, the prosecuting attorney for Pemiscot County ("Prosecutor") continued to represent the State in all proceedings. During March 1995, Movant was imprisoned at the Montgomery County Detention Center in Rockville, Maryland.

On March 21, 1995, pursuant to § 217.490, RSMo 1994, Movant made notice of place of imprisonment and a request for disposition of detainers. Records indicate that this Interstate Agreement on Detainers (IAD) was received in the New Madrid County Prosecutor's Office on March 27, 1995. The IAD was not filed with the New Madrid County Circuit Clerk at that time. On February 13, 1996, Movant filed a pro se motion to dismiss.

Movant was transferred from Maryland to New Madrid County via a rendition warrant signed by the Governor of Mary-

land on March 11, 1996. On April 29, 1996, Movant's counsel ("Counsel") agreed to a trial date, which was set for September 25, 1996.

On September 30, 1996, Movant pled guilty to an amended charge of the class 'B felony of trafficking drugs in the second degree, in violation of § 195.223, RSMo 1994. The trial court questioned Movant regarding his understanding of the charge and any consequences of his guilty plea, including that he was giving up his right to a jury trial. Based on Movant's responses to those questions, the trial judge found that Movant's plea was voluntarily and willingly entered. Movant also indicated that he had been satisfied with his representation by Counsel.

Prior to imposing sentence, the following discussion took place.

[Trial Court]: [Counsel], do you have any legal reason why sentence should not now be imposed?

[Counsel]: No, Your Honor, but in connection if I might add, for the record, [Prosecutor] and I had agreed that we would put this on as well, that there has been discussions on the part of [Movant]—And as the [c]ourt is aware, there was a lot of discussions and arguing back and forth between [Prosecutor] and I concerning a speedy trial request and a response to detainers.

Without rehashing the facts of that, Your Honor, [Movant] and I have talked about the fact that by pleading guilty, he will be waiving his right to appeal this case on its merits, or that issue of appeal on whether or not the detainers—And I don't recall the specific statute number here in front of me.

But essentially, as this court's aware, there was a request made by [Movant], which was sent to the New Madrid County prosecutor's office, and there's a dispute as to whether or not they actual-

ly arrived at [Prosecutor's] office and what occurred with it. But at this point, we believe that case law required a specific compliance with that statute.

[Movant] and I understand—We've talked about there is a possibility of an appeal on that, but once we plead guilty, that we are waiving the right to appeal this case on its merits and the issue of the speedy trial as well.

[Trial Court]: [Counsel] and [Prosecutor], if my calculations are correct in following this case from the time I got it, [Movant] should be given credit for 754 days incarceration. Do you have any reason to believe that's not correct, [Counsel]?

[Counsel]: [Movant], does that sound correct? That's approximately two years of time. 365—in fact, a little over two years of time, that which includes the Maryland.

[Movant]: I think so, yeah.

[Counsel]: I believe that's correct.

[Trial Court]: Given the concerns about the request for speedy trial, [Movant] will be given credit for those days served.

The court imposed a sentence of nine years in the Missouri Department of Corrections. The execution of the sentence was suspended and Movant placed on four years of probation, which the court allowed to be transferred to Maryland.

On October 22, 1999, Movant's probation was suspended and a capias warrant issued, after which Movant was arrested in Puerto Rico and returned to New Madrid County. At the hearing held on September 15, 2000, Movant admitted violating his probation, and the court revoked his probation, reinstating it for a period of 23 months, and again allowed him the opportunity to transfer the probation to Maryland. Movant also was ordered to spend

60 days in the New Madrid County Jail with no jail credit and to pay the extradition fee of $2,800, as well as the board bill from the date of delivery to the date of sentencing.

On September 26, 2001, Movant's probation was suspended again and an arrest warrant issued. At the hearing held on December 14, 2001, Movant admitted violating his probation and failing to pay the extradition and other costs previously ordered. The court revoked Movant's probation and ordered the execution of the nine-year sentence.

Movant filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035 on February 19, 2002. In the amended motion filed July 17, 2002, Movant alleged, *inter alia*, that Counsel was ineffective because he "unreasonably failed to litigate [M]ovant's claim under the [IAD] that the [c]ourt had lost jurisdiction to proceed in New Madrid County Case No. Cr195–14F [and that] Counsel was further ineffective in agreeing to a trial date outside the 180 day period."

On October 31, 2002, the motion court issued its findings of fact and conclusions of law, and entered judgment denying relief without an evidentiary hearing. This appeal followed.

■ With one point relied on, Movant contends that the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because he received ineffective assistance of counsel in violation of his federal and state constitutional rights. Movant argues that Counsel failed to act as a reasonably competent attorney under the same or similar circumstances by failing to litigate Movant's claim that the trial court lacked jurisdiction due to a violation of the IAD and agreeing to a trial date outside the 180 day limit. Movant further argues that this alleged ineffective assistance of counsel rendered his plea involuntary and unknowing because if Movant had known Counsel was ready and willing to litigate the claim, Movant would not have pled guilty, but would have chosen to proceed to trial.

Appellate review of a motion court's denial of post-conviction relief is limited to determining whether the facts and conclusions of the motion court are clearly erroneous. *Hill v. State,* 50 S.W.3d 922, 924 (Mo.App.2001). The findings and conclusions are clearly erroneous only if a review of the record leaves this Court with a definite and firm impression that a mistake has been made. *Id.*

■ When a movant who has pled guilty to an offense files a motion for post-conviction relief, he waives all errors regarding ineffective assistance of counsel except those that affect the voluntariness and knowledge of the plea. *Beal v. State,* 51 S.W.3d 109, 111 (Mo.App.2001). Therefore, once a plea of guilty has been entered, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *Jenkins v. State,* 9 S.W.3d 705, 708 (Mo.App.1999). Absent an abuse of discretion, we will defer to the trial court's determination of whether a defendant's guilty plea was voluntary. *Id.*

Movant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Beal,* 51 S.W.3d at 111. To prove ineffective assistance of counsel, Movant must satisfy a two prong test, proving that (1) Counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances, and (2) Counsel's failure prejudiced Movant. *Jenkins,* 9 S.W.3d at 708; *see Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To establish prejudice, Movant must show

that a reasonable probability existed that, but for Counsel's error, Movant would not have entered a guilty plea and would have proceeded to trial. *Jenkins,* 9 S.W.3d at 708.

To be entitled to an evidentiary hearing, Movant's amended motion must allege facts, not conclusions, which if true, would warrant relief. *Jamison v. State,* 918 S.W.2d 889, 891 (Mo.App.1996). In addition, the matters of which Movant complains must have resulted in prejudice to him. *Id.* If the record conclusively shows that Movant is not entitled to relief, a hearing is properly denied. *Id.*

■ The IAD is a compact entered into by 48 states, the United States, and the District of Columbia to establish procedures for resolution of one state's outstanding charges against a prisoner of another state. *McDonald v. State,* 77 S.W.3d 722, 724 n. 2 (Mo.App.2002). The state of Missouri adopted the IAD and it is codified at § 217.490, RSMo 1994. Article III provides that a prisoner "shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made of the indictment, information or complaint." § 217.490, Art. III(1), RSMo 1994.

The Missouri Supreme Court has determined that the 180–day limitations period of Article III(1) does not commence until receipt of the IAD by the proper Missouri authorities, which includes both the prosecutor's office and the circuit court. *State v. Walton,* 734 S.W.2d 502, 503–04 (Mo. banc 1987). In his amended motion, Movant's alleges that the IAD was received by the New Madrid County Prosecutor's Office on March 27, 1995, but concedes that the request was not filed at that time, or any other time, with the New Madrid County Circuit Clerk. The amended motion contains no allegations concerning whether the IAD was sent to or received by Prosecutor, who was the prosecuting attorney of Pemiscot County, although the transcript of the discussion that occurred following Movant's guilty plea indicates that there was "a dispute as to whether or not they actually arrived at [Prosecutor's] office and what occurred with it."

■ Although courts have noted that a good faith effort to invoke the provisions of § 217.490, RSMo 1994, is sufficient, if an irregularity in compliance results in the omission of an essential element, the prisoner rights under the IAD have not been invoked. *State ex rel. Suitor v. Stremel,* 968 S.W.2d 221, 223–24 (Mo.App.1998). Notice to both the prosecutor and the appropriate court is considered an essential element; therefore, lack of notice to one is not a mere technical error. *Yagovane v. State,* 923 S.W.2d 522, 523 (Mo.App.1996). Therefore, based on the facts alleged and conceded in Movant's amended motion, the IAD was not invoked when Movant's notice and request was not received by the appropriate court. *State v. Smith,* 686 S.W.2d 543, 546 (Mo.App.1985). We do not reach the issue of whether notice to the New Madrid County Prosecutor's Office was sufficient to satisfy Movant's burden under § 217.490, RSMo 1994, to "have caused to be delivered to the prosecuting officer ... written notice of the place of his imprisonment and his request for a final disposition." § 217.490, Art. III(1), RSMo 1994.

■ Further, any argument by Movant that, assuming the 180–day limitation period had been properly invoked, the court lost jurisdiction to accept his guilty plea, fails as well. The rights created by Article III of § 217.490, RSMo 1994, are

statutory in nature and a defendant's guilty plea bars any claims he or she may have that are based on either statutory or constitutional guarantees of a speedy trial. *Ellsworth v. State,* 964 S.W.2d 455, 457 (Mo.App.1998). In addition, a guilty plea that is voluntary and knowing waives all non-jurisdictional defects and defenses. *Id.* The 180–day limitation of the IAD is considered non-jurisdictional and therefore, is waivable by a prisoner's subsequent guilty plea. *Id.* at 459.

Based on our analysis, Counsel did not err in failing to litigate Movant's claim that the trial court lacked jurisdiction due to a violation of the IAD and agreeing to a trial date outside of the 180–day limit; that statutory provision had not been invoked. Further, the record shows that Counsel discussed the issues, including Movant's lack of specific compliance with the statute and that a guilty plea would waive Movant's right to appeal the case on its merits and on the issue of the speedy trial. Under questioning by the trial court, Movant agreed that his guilty plea was voluntary, knowing, and understanding.

We find no abuse of discretion in the trial court's determination that Movant's guilty plea was voluntary. The facts and conclusions of the motion court were not clearly erroneous, and a review of the record does not leave us with a definite and firm impression that a mistake has been made.

The judgment denying Movant's Rule 24.035 motion without an evidentiary hearing is affirmed.

RAHMEYER, C.J., and PARRISH, J., concur.