

# Missouri Court of Appeals

## Southern District

### Division Two

| | | | |
|---|---|---|---|
| RICKY N. CRASE, | ) | | |
| | ) | | |
| Movant-Appellant, | ) | | |
| | ) | | |
| vs. | ) | No. SD33435 | |
| | ) | | |
| STATE OF MISSOURI, | ) | **Filed: August 3, 2015** | |
| | ) | | |
| Respondent-Respondent. | ) | | |

### APPEAL FROM THE CIRCUIT COURT OF MCDONALD COUNTY

Honorable Timothy W. Perigo, Circuit Judge

**AFFIRMED**

Ricky N. Crase ("Movant") pled guilty to the class D felony of driving while intoxicated and two counts of the class A felony of murder in the second degree pursuant to a plea agreement. He now brings an appeal from the denial of his ineffective assistance of counsel claim. We affirm the trial court's decision.

### PROCEDURE

Movant was in custody in the State of Oklahoma when the complaint was filed against him in Missouri. He prepared and mailed a motion for disposition of detainers pursuant to the Interstate Agreement on Detainers ("IAD"), which was filed with the clerk's office on February 4, 2009. Six months later, defense counsel filed a motion to

1

dismiss the charges alleging a violation of the time limits set out by the IAD.  The State

filed an answer stating that it had not received a copy of the motion for disposition of

detainers prior to March 9, 2009, asserting that the motion itself demonstrated that it was

only sent to the clerk's office and not to the prosecutor's office.  On August 12, 2009, a

hearing was conducted on the motion to dismiss.  At the end of the hearing, the trial court

denied the motion, finding that Movant mailed the request to the court, but failed to

notify the prosecuting attorney, which was an essential element.  Movant subsequently

pled guilty.

Movant brought a claim of ineffective assistance of counsel, claiming his plea

was unknowing, involuntary, and unintelligent because his attorney failed to call Movant

to testify on his own behalf at the hearing on the motion to dismiss on the basis of a

violation of the IAD.  After holding an evidentiary hearing, the trial court disagreed.  The

motion court found that the State had not received notice until March 9, 2009, and

therefore the 180-day period had not expired.

## ANALYSIS

Movant claims that had he been called as a witness at the hearing on the motion to

dismiss he would have prevailed in his motion to dismiss the charges for violating the

IAD.  Movant acknowledges, however, that "[a] guilty plea that is voluntary and knowing

waives all non-jurisdictional defects and defenses."  *Carbaugh v. State*, 348 S.W.3d 871,

876 (Mo.App. S.D. 2011).  Movant further acknowledges, "'[t]he 180-day limitation of

the IAD is considered non-jurisdictional and therefore, is waivable by a prisoner's

subsequent guilty plea.'"  *Id.* (quoting *Rivera v. State*, 106 S.W.3d 635, 640 (Mo.App.

S.D. 2003).  Thus, the basis of Movant's argument that his case would have been

2

dismissed had he convinced the trial court that he timely filed his IAD motion has been waived by his guilty plea.[1]  Movant had been advised of such during the plea hearing.  At the plea hearing, the trial court stated:  "I advised your attorney, and you are aware your attorney was arguing to the Court an issue on 180,[2] and today's trial, once I excuse the jurors, then unless something happens in the plea, the 180 in the future won't come back?"  Defense counsel stated:  "I explained to him that he waives that by his plea."  Movant proceeded with the guilty plea.

Movant's claim fails.  The judgment is affirmed.

Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, J. - Concurs

William W. Francis, Jr., J. - Concurs

---

[1] That claim is also refuted by the record.  At the hearing on the IAD motion, the trial court accepted the prosecutor's statement that the State had not received notice until March 9, 2009.  There was no evidence that the prosecutor's office had received Movant's IAD request prior to March of 2009.  The certificate of service was addressed to the clerk of the court and not the prosecutor.  At that time, the court was aware that Movant was claiming that the motion had been filed at a much earlier date.  The motion court also found that the State had not received the notice until March 9, 2009.  When the State received the notice was a credibility finding for the motion court.  Movant's challenge in this Court to the credibility finding must fail.

[2] Presumably, a reference to a 180-day detainer motion.