

# Missouri Court of Appeals

## Southern District

## Division One

STATE OF MISSOURI, )
                   Respondent, )
     vs. ) No. SD36251
KEITH A. MASH, ) FILED: August 11, 2020
                   Appellant. )

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Judge

**AFFIRMED**

Keith Mash appeals two felony drug convictions, complaining only that he was not timely tried under the Interstate Agreement on Detainers ("IAD"), RSMo § 217.490 *et seq.*

## IAD Principles

The IAD allows a prisoner in one state to seek disposition of charges pending in another state. ***State v. Morrison***, 364 S.W.3d 779, 784 (Mo.App. 2012). As relevant here, a prisoner seeking IAD protections must establish that (1) the other state has lodged a detainer[1] against the prisoner on the basis of the

---

[1] A detainer is a criminal-justice agency request that an institution either hold an incarcerated prisoner for the agency or notify the agency when the prisoner's release is imminent. ***Farish v. Missouri Dept. of Corr.***, 416 S.W.3d 793, 797 (Mo. banc 2013). It notifies receiving officials that the prisoner is wanted to stand trial in another jurisdiction upon release. ***Id.***

untried charges; and (2) the prisoner has provided the appropriate court and prosecuting attorney in the other state with a request for final disposition of those charges, *id*., which is

> accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner. [hereafter "Article III certificate"]

Section 217.490, Art. III, sec. 1. If these occur, the second state has 180 days to bring the prisoner to trial on the subject charges or they must be dismissed. *Morrison*, 364 S.W.3d at 784.

The burden to prove an IAD violation is on the person seeking its protection. *Id.* Only when the record shows compliance with all IAD requirements must the state show good cause to delay trial beyond 180 days. *Id.* We review de novo whether the trial court properly applied the IAD in refusing to dismiss charges, but to the extent that depends on the evidence presented, we view the record most favorably to the judgment. *Id.*

## Procedural Background

A Phelps County grand jury indicted Mash in October 2017.[2] Defense counsel filed an entry and, on Mash's behalf, waived arraignment and entered a not-guilty plea. In January 2018, the court noted Mash's out-of-state incarceration and issued a capias warrant.

Imprisoned in Oklahoma, Mash learned of the Missouri warrant and sent the Phelps County Circuit Clerk a July 2018 motion ("pro se motion") stating specifically where he was incarcerated, requesting disposition of his Missouri charges, and waiving his right to oppose extradition. There was no Article III certificate, and no certificate or other indication of service on the Phelps County prosecutor.

---

[2] The docket sheet shows Mash having previously posted a $50,000 bond, and a probable-cause statement filed before that, suggesting that Mash had been arrested but was free on bond at the time of his indictment.

Three months later, on October 26, 2018, the Phelps County prosecutor received IAD paperwork from Oklahoma. The prosecutor initiated action to extradite Mash back to Phelps County by February 2019 and try him by April. On March 25, Mash sought and agreed to a later trial date of June 12, 2019.[3]

At that trial, Mash orally sought a dismissal, claiming he should have been tried within 180 days of his pro se motion. The court disagreed. Mash then waived a jury and was tried and found guilty as charged.

### IAD Analysis

Based on the prosecutor's receipt of IAD paperwork on October 26, 2018, the trial deadline was April 24, 2019, before Mash agreed to be tried on June 12 instead. On those bases, Mash's trial was timely. ***Morrison***, 364 S.W.3d at 786; ***State v. Overton***, 261 S.W.3d 654, 660-62 (Mo.App. 2008).

Mash urges earlier dates. Claiming his pro se motion substantially met IAD requirements, Mash starts the clock in July 2018 and ends it in January 2019 while he was still in Oklahoma. We disagree for at least two reasons.

*Service on Prosecutor*

An IAD request to the proper court without copying the prosecutor "does not invoke the 180-day time limit." ***Jamison v. State***, 918 S.W.2d 889, 891 (Mo.App. 1996). *See also* ***State v. Woods***, 259 S.W.3d 552, 556 (Mo.App. 2008) (citing cases "uniformly" holding similarly). The IAD recognizes responsibilities of both the court and the prosecutor, so the documents must be sent to both. ***Id***.

---

[3] We quote from the June 12 trial transcript (our emphasis):

> [PROSECUTOR]: [Exhibit 1] is the packet that I received via certified mail I believe on October 26th of 2018. Which in response to that I filed, I think it's forms four, five, and six of the UMDDO, mailed them to Debbie Kincaid who works at the Attorney General's Office and handles interstate extraditions and sent seven copies all over the place.
>
> And then our jailers went and picked up Mr. Mash, I think, the first week of February this year to have him here to be tried before April 26th.
>
> And then it appears it was on for trial setting on March 25 of this year. *And at that time defense counsel and the defendant had waived their request for that disposition of detainers before April 26th and it was set for today.*
>
> THE COURT: All right.
>
> Ms. Gerischer, is everything Mr. Fox just said accurate?
>
> [DEFENSE COUNSEL]: *Yes, sir*.

"A good faith effort to invoke the IAD is only sufficient when nothing essential is omitted," but "failure to properly notice up the prosecutor is an essential omission." *Jamison*, 918 S.W.2d at 892.

As in *Jamison*, the record here does not show the pro se motion also went to the prosecutor. Mash's plea to infer prosecutorial notice ignores our standard of review. *Morrison*, 364 S.W.3d at 784.

*Article III Certificate*

Even had the prosecutor received Mash's motion, there was no Article III certificate. Awareness of a request for final disposition differs greatly from actually having both the request and the Article III certificate. *Jamison*, 918 S.W.2d at 892. The latter particularly specifies information without which "the prosecutor's office is hindered in its efforts to bring all charges to a final disposition within 180 days." *Id.*; *see* § 217.490, Art. III, sec. 1. Since IAD notice requirements "are essential to obtaining a speedy, final disposition of all the charges against an accused," compliance by both sides "is fair and the key to efficiently moving cases through the system without jeopardizing the rights of the accused." *Jamison*, 918 S.W.2d at 892.

To similar effect, see our opinions in *State v. Severance*, 453 S.W.3d 278 (Mo.App. 2014); *State v. Bury*, 445 S.W.3d 594 (Mo.App. 2014); and *Woods*. Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR
NANCY STEFFEN RAHMEYER, P.J. – CONCURS
WILLIAM W. FRANCIS, JR., J. – CONCURS

4